

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,166

**EX PARTE JOE DONOVON SANDERS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W07-00694-R(A) IN THE 265TH JUDICIAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment.

Applicant contends that he was denied the right to appeal because although he signed a notice of appeal and although trial counsel attempted to file the notice of appeal, the notice was never filed. The trial court has determined that Applicant was advised of his right to appeal, and expressed a desire to appeal his conviction. The trial court finds that Applicant's trial attorney prepared a written

notice of appeal, but that the notice of appeal was lost or misplaced. The trial court concludes that it is in the best interest of justice to allow Applicant to file an out-of-time appeal.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. W07-00694-R(A) from the 265th Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: June 10, 2009
Do Not Publish